IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL JEROME SMITH, | § | |
| TDCJ-CID NO. 645699, | § | |
|     Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-0270 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

OPINION ON DISMISSAL

Petitioner Michael Jerome Smith, a state inmate proceeding *pro se* and *in forma pauperis*, seeks federal habeas relief from a disciplinary conviction in case number 20100102469. (Docket Entry No.1). Petitioner indicates that, as a result of such conviction, he lost ninety days of good conduct credit and had his class line status reduced. (*Id.*). Petitioner also indicates that he is entitled to release on mandatory supervision. (*Id.*).

Respondent has filed a motion for summary judgment. (Docket Entries No.11, No.12).[1] Petitioner has not responded to the motion. For reasons to follow, the Court will grant respondent's motion for summary judgment and dismiss this habeas action.

I. BACKGROUND

Petitioner is serving a forty-year sentence from a conviction for indecency with a child in the 178th Criminal District Court of Harris County, Texas, in cause number 642709, (Docket Entry No.1). Petitioner was charged with engaging in a fight on December 8, 2009, at 10:25 p.m. with another offender by punching the offender with a clinched fist to the head and face; neither offender suffered an injury. (Docket Entry No.13, Disciplinary Report and Hearing

---

[1] The motions for summary judgment are duplicative except that respondent attached exhibits to the motion in Docket Entry Number 12. For purposes of this Order, the Court will refer only to Docket Entry Number 12.

Record). Petitioner was notified of the charges and the hearing on December 14, 2009. (*Id.*). At the hearing on December 21, 2009, petitioner stated that the other offender was trying to escalate a squabble by swinging at him but did not make contact; petitioner tried to defend himself from the swing. (*Id.*). Petitioner claimed that his hand was injured and that he could not swing; he requested that the hearing officer consider his medical records to prove the injury.[2] (*Id.*).

After considering the offense report, the charging officer's testimony, statements made by other officers who witnessed the altercation, petitioner's testimony, and a statement from the medical records department regarding petitioner's injury, the disciplinary hearing officer found petitioner guilty of the violation and assessed punishment. (*Id.*). Thereafter, petitioner submitted Step 1 Grievance Number 2010071980, dated December 29, 2009, in which he alleged that he was the victim and that other inmates had intervened. (Docket Entry No.13, grievance records). The grievance was denied. Petitioner's Step 2 grievance, in which he complained that the warden failed to adhere to TDCJ-CID Legal Affairs Opinion No.88-I regarding the appropriateness of processing disciplinary charges where one inmate is clearly the victim, was also denied. (*Id.*). The grievance investigator found the charge against petitioner was appropriate and the guilty verdict was supported by sufficient evidence. (*Id.*).

Petitioner seeks federal habeas relief in the present action on the following grounds:

    1.    He was denied due process by being punished for the disciplinary violation in violation of Opinion Policy 88-I where the evidence showed he was the victim;

---

[2] A statement taken by Officer P. Weaver from L. Martin in medical records per an inter-office memorandum dated December 14, 2009, indicates that petitioner stated that he sustained an injury to his wrist on December 8, 2009, about 6:00 p.m.. (Docket Entry No.13). The statement also indicates that at a pre-segregation physical on December 9, 2009 at 12:06 a.m., petitioner displayed a swollen right wrist, which x-rays showed to be a fracture. (*Id.*).

      2.      He was denied the effective assistance of substitute counsel when substitute counsel failed to obtain a copy of Opinion Policy 88-I and present such documentation in his defense;

      3.      He was denied due process by a biased disciplinary hearing officer and found guilty upon unreliable evidence; and,

      4.      He has been denied release to mandatory supervision and is being required to serve more time than necessary due to the biased hearing and the guilty verdict based upon unreliable evidence.

(Docket Entry No.1).

Respondent moves for summary judgment on claims that petitioner's claims are partially unexhausted and procedurally barred. (Docket Entry No.12). Alternatively, respondent moves for summary judgment on the ground that petitioner's claims are without legal merit. (*Id.*).

## II. ANALYSIS

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). The Court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant. *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994).

## A. Sufficiency of the Evidence

In the disciplinary hearing context a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (addressing the mandatory supervision scheme in place prior to September 1, 1996); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007) (addressing the mandatory supervision scheme in place before and after September 1, 1996).

### 1. Miscellaneous Sanctions

Disciplinary hearing records show that as a result of his disciplinary conviction, petitioner lost forty-five days of recreation and commissary privileges, sixty days of contact visitation, and had his line-earning status reduced from S-3 to L-1. (Docket Entry No.13). None of these sanctions implicate a liberty interest of the sort protected by the Due Process Clause. Sanctions that are "merely changes in the conditions of [an inmate's] confinement" do not implicate due process concerns. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1996) (limitations on commissary or recreational privileges, cell restriction or temporary solitary confinement are not atypical or significant hardship); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th

Cir. 2000) (reductions in class line status and potential impact on good-time credit earning are not protected by Due Process Clause). Because Due Process is not implicated by these miscellaneous sanctions, petitioner is not entitled to federal habeas relief from these forms of punishment.

### 2. Good-Time Credits

As a result of the disciplinary conviction in case number 20100102469, petitioner lost ninety days of previously earned good conduct time. When a state creates a right to time credit for good conduct, and recognizes that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein is embraced within the Fourteenth Amendment 'liberty' concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison*, 104 F.3d at 768 (citing *Wolff*, 418 U.S. at 557). Because petitioner is eligible for mandatory supervision, he had a protected liberty interest in the previously earned good-time credits. *See Teague*, 482 F.3d at 775-76 (citing *Malchi*, 211 F.3d at 956). Therefore, the revocation of those credits must comply with the minimum amount of procedural protection required under the circumstances. *See Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 454 (1985).

In *Wolff*, the Supreme Court considered the minimum level of due process required in the prison disciplinary context. In doing so, the Supreme Court recognized that prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." 418 U.S. at 561. Because prison disciplinary hearings are "not part of a criminal

prosecution," the Court reasoned that "the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. The minimum amount of procedural due process required for prison inmates under these circumstances includes: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *Id.* at 563-67.

Petitioner does not complain that he did not receive procedural due process with respect to disciplinary proceedings; moreover, the disciplinary hearing records and the audio recording of the hearing show that these procedural requirements were met. (Docket Entries No.1, No.13). Instead, petitioner complains that his disciplinary conviction violates due process because the charge was not supported by sufficient evidence. (Docket Entry No.1). Respondent contends that this "insufficient evidence" claim is petitioner's only unexhausted claim and is without legal merit. (Docket Entry No.13).

Federal habeas review of the sufficiency of the evidence to support a disciplinary conviction is extremely limited. Due process requires only "some evidence to support the findings made in the disciplinary hearing." *Hill*, 472 U.S. at 457. The Supreme Court has determined that "[a]scertaining whether [the sufficiency-of-evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455. "Determining the believability of the testimonies presented at the hearing is left to the discretion of the hearing officer." *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001).

The information provided in a written incident report standing alone can satisfy the "some evidence" standard.  *Id.* at 537.  "Prison disciplinary proceedings are overturned only where no evidence in the record supports the decision."  *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001).  Therefore, when reviewing a prison disciplinary decision, "the standard to be applied is whether or not actions of the disciplinary committee were arbitrary or capricious or an abuse of discretion."  *Smith v. Rabalais*, 659 F.2d 539, 543 (5th Cir. 1981).

In this case, the disciplinary hearing records and the audio recording of the disciplinary proceedings reflect that petitioner had complained to another inmate that he had sprained his wrist playing basketball on December 8, 2009, but he had not reported any injury to medical or prison officials until after the altercation, when he was examined for pre-segregation detention. (Docket Entry No.13).  The hearing records and audio recording also indicate that at least two officers saw petitioner and the other offender throwing punches and holding each other.  Statements by officers show that petitioner retreated from the fight when threatened with chemical spray, but the other inmate remained agitated  (*Id.*).  The hearing records further show that the disciplinary hearing officer allowed petitioner to give several statements but found petitioner guilty from evidence in the offense report and from testimony presented during the hearing. (*Id.*).

Based on this record, the Court finds that petitioner's rights set forth in *Wolff* and *Hill* have not been abridged and that there was some evidence in the record to support the hearing officer's decision in this case.  Accordingly, respondent is entitled to summary judgment on this claim.

B. Remaining Claims

Respondent contends that petitioner's remaining claims are unexhausted and procedurally barred, and alternatively, without legal merit. (Docket Entry No.12).

A state inmate must exhaust all available state remedies before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), (c). Although decisions about prison grievances are made by TDCJ, and not by "courts of the State," there is no valid reason that the exhaustion requirement found in 28 U.S.C. § 2254(b) should not also apply where a prisoner is required to pursue the administrative grievance process. *See Prieser v. Rodriguez*, 411 U.S. 475, 492 (1973) (pointing to the prison grievance process and noting that, because the "internal problems of state prisons involve issues so peculiarly within state authority and expertise, the States have an important interest in not being bypassed in the correction of those problems"). In fact, the Fifth Circuit has long held that inmates seeking relief from prison disciplinary cases must exhaust their available administrative remedies before pursuing a federal writ of habeas corpus. *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies).

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Moreover, an administrative grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.* at 522 (noting

that "[i]n deciding how much detail is required in a given case . . . , a court must interpret the exhaustion requirement in light of its purposes, which include the goal of giving officials 'time and opportunity to address complaints internally'").

Petitioner complained in Step 1 Grievance Number 2010071980 that his substitute counsel was offensive and adversarial and that the hearing officer was present when she took his statement so he was reluctant to go into any detail. (Docket Entry No.13, grievance record). Petitioner made no mention of Legal Opinion No.88-I in this grievance. (*Id.*). In Step 2 Grievance Number 20010071980, petitioner did not complain about substitute counsel of the hearing officer. (*Id.*). Instead, he complained that policy was not followed because the evidence clearly showed that he was the victim and not the aggressor. (*Id.*). Because he did not raise these three claims in both grievances, such claims are unexhausted.

Respondent maintains that these claims are also procedurally barred because any attempt to exhaust such claims through the prison grievance system would be rejected as untimely. (Docket Entry No.12). When the petitioner's own procedural default leaves state remedies for a petitioner's claims unavailable, federal courts are barred from reviewing those claims. *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998). A petitioner, however, may overcome the procedural default bar if he "can demonstrate cause for the defaults and actual prejudice as a result of the alleged violation of federal law" or else show that "failure to consider the claims will result in a fundamental miscarriage of justice." *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th Cir. 2005).

Petitioner has not filed a response to the motion for summary judgment nor shown "cause" under the "cause and prejudice" test or demonstrated actual innocence in any pleading, which is necessary to allow the court to reach the merits of the claims despite the procedural bar.

9

No external impediment prevented petitioner from properly raising and discussing these claims in his grievances. Absent a showing of "cause," it is unnecessary for this court to consider whether there is actual prejudice. *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

Alternatively, petitioner's remaining claims are without legal merit. To the extent that petitioner alleges that the hearing officer was biased during the disciplinary hearing, the Court has reviewed the audio recording of the disciplinary hearing and finds that there is no evidence to support such allegation. Moreover, the record does not show that the hearing officer was predisposed to finding petitioner guilty, that the officer's finding of guilt was based on less than constitutionally sufficient evidence, or that the officer even behaved in less than a professional manner.

To the extent that petitioner complains that he was denied the effective assistance of counsel during disciplinary proceedings, such claim is without merit. Claims for ineffective assistance of counsel are dependent upon the right to counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Inmates have no right to retained or appointed counsel at prison disciplinary proceedings. *See Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

To the extent that petitioner contends that prison officials did not proceed according to Legal Opinion 88-I, the Court finds some evidence sufficient to support his conviction. Moreover, it is of no constitutional moment that prison officials did not adhere to Legal Opinion 88-I. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (failure to follow prison's own policies does not constitute due process violation if constitutional minima are met).

Accordingly, respondent is entitled to summary judgment.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

The Court finds that there is no genuine issue of material fact in this habeas action, and that the respondent is entitled to summary judgment as a matter of law. It is, therefore, ORDERED as follows:

1. Respondent's Motion for Summary Judgment (Docket Entries No.11, No.12) is GRANTED.

2. This petition is DISMISSED with prejudice.

3. A certification of appealability from this decision is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk shall provide a copy of the Order to the parties.

SIGNED at Houston, Texas, this 21st day of February, 2012.

                                         _____
                                                  MELINDA HARMON
                                         UNITED STATES DISTRICT JUDGE